UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARK WEEKES,

                Petitioner,                      03 Civ. 4828 (SCR)(PED)

  - against -                          REPORT AND
                                              RECOMMENDATION
WILLIAM MUZZUCA, Superintendent
Fishkill Correctional Facility,

                Respondent.

------------------------------------------------------------X

TO: THE HONORABLE STEPHEN C. ROBINSON,
      UNITED STATES DISTRICT JUDGE

## I. Introduction

Mark Weekes, *pro se,* has submitted an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking an order vacating an amended judgment of conviction following a plea of guilty, in the County Court, Orange County, of the State of New York, (Berry, J.). Petitioner was convicted of a single count of burglary in the first degree, a Class B violent felony. Petitioner was ultimately resentenced to a term of imprisonment of 10 years to be followed by a four (4) year period of post-release supervision – mandated by statute – on June 2, 2006.[1]

On December 4, 2007, the Appellate Division of the Supreme Court of the State of New York affirmed the judgment of conviction. On April 11, 2008, the State of New York Court of Appeals denied leave to appeal the conviction.

---

[1] Petitioner was released from state custody on October 1, 2008, and is currently serving the post-release supervision portion of his sentence.

Petitioner raises two (2) grounds for *habeas* relief: (1) that his constitutional right to due process was violated by being both sentenced and resentenced after a guilty plea that was not knowing, voluntary and intelligent and by being subjected to a sentence "substantially greater" after remand; and (2) that the resentencing by the County Court violated the constitutional prohibition against double jeopardy.

For the reasons set forth below, I respectfully recommend that this petition be **DENIED.**

**II.    Facts**

Petitioner was charged with various offenses arising out of a March 13, 2000, altercation with his former girlfriend, Melissa Kaiser, at her residence in Port Jervis, New York. On September 29, 2000, Petitioner pleaded guilty to a single count of burglary in the first degree, N.Y. Penal Law. § 140.30[2],[2] pursuant to a plea agreement whereby he was promised a sentence of between 5 and 14 years imprisonment. Transcript, September 29, 2000, pp. 6, 12, 20-21.[3] On February 27, 2001, Petitioner was sentenced

---

[2] N.Y. Penal Law § 140.30[2] provides as follows:

A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime:

\*     \*     \*

2. Causes physical injury to any person who is not a participant in the crime[.]

[3] Transcripts of pertinent court proceedings were collected and filed by Respondent at D.E. 21. Each transcript is separately paginated.

2

to a determinate prison term of 10 years.[4] Transcript, February 27, 2001, p.18. Although New York law required the imposition of a term of post-release supervision to follow this determinate sentence, the court did not mention post-release supervision in pronouncing sentence.[5] Petitioner appealed his conviction and it was affirmed by the Appellate Division on December 31, 2001. *See People v. Weekes*, 289 A.D.2d 599 (N.Y. App. Div. 2001). Leave to appeal to the Court of Appeals was denied on June 14, 2002. *See People v. Weekes*, 98 N.Y.2d 682 (N.Y. 2002).

On December 30, 2002, after learning that the Department of Corrections had administratively added a five-year term of post-release supervision to his sentence, Petitioner moved to vacate, pursuant to N.Y. Crim. P. § 440.10, alleging that, *inter alia*, he was not informed prior to entering his guilty plea that his sentence would include post-release supervision. Respondent's Record of Exhibits, Volume One, Exhibit 11. After the parties stipulated that Petitioner had never been advised by the court or counsel of the statutory requirement of post-release supervision, the court issued a written decision modifying Petitioner's sentence to a determinate period of 10 years in prison followed by four (4) years of post-release supervision, reasoning that "the modified sentence does not exceed the maximum agreed upon sentence of 14 years in State Prison." Amended Petition, Ex.B.

---

[4] Petitioner was also required to pay a state crime victim fee and surcharge and is subject to an order of protection on behalf of Kaiser.

[5] In 1998, the New York State Legislature eliminated parole for all violent felony offenders, enacting a scheme of determinate sentencing to be followed by periods of mandatory post-release supervision and defining each determinate sentence to "also include[ ], as a part thereof, an additional period of post-release supervision[.]" N.Y. Penal Law § 70.45[1]. *See People v. Catu*, 4 N.Y.3d 242, 244 (N.Y. 2005).

3

The Appellate Division, Second Department granted Petitioner leave to appeal on April 13, 2004. Respondent's Record of Exhibits, Volume Four, Exhibit 32. The Appellate Division vacated the judgment against Petitioner on April 4, 2006, on the grounds that his initial guilty plea was not "knowing, voluntary and intelligent" as he was not made aware of the requirement of post-release supervision. *People v. Weekes*, 28 A.D.3d 499 (N.Y. App. Div. 2006). The appellate court directed that, on remand, Petitioner "must be given the opportunity to withdraw his plea. If he chooses not to, the court may sentence him to any lawful sentence within the range to which the defendant originally agreed." *Id.* at 500. The court also noted that Petitioner was required to be resentenced as he had a statutory right to be present at the time sentence was pronounced. *Id.*

The trial court conducted proceedings pursuant to the mandate of the appellate court on May 24, 2006. Petitioner was afforded the opportunity to withdraw his plea of guilty to the burglary charge and expressly declined to do so. Transcript, May 24, 2006, pp. 3-8. Resentencing was then adjourned until June 2, 2006, at the request of Petitioner's counsel. *Id.* pp. 8-9. At resentencing, the court again sentenced Petitioner to "ten years determinate time in state prison" (with credit for time served) and "four years of post-release supervision." Transcript, June 2, 2006, pp. 21-22.

### III. Analysis

#### A. Exhaustion in State Court

As a threshold matter, a federal court may not grant a petition for a writ of habeas corpus unless the petitioner first exhausts all available state court remedies as to each of his claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971);

4

*Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997). Substantively, a petitioner must raise a federal or constitutional claim in state court and must inform the state court of "both the factual and the legal premises of the claim [he] asserts in federal court." *Rodriguez v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997)(quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 191 (2d Cir. 1982)(en banc)). Procedurally, a petitioner must pursue his claim through all levels of appeal in the state court system, so that eventually he "present[s] the substance of his federal claims 'to the highest court of the pertinent state.'" *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994)(quoting *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)).

As to the grounds set forth in the instant petition, they are included, if unclearly, in Petitioner's appeal to the Second Department, Appellate Division, dated March 18, 2007. Respondent's Record of Exhibits, Volume Six, Exhibit 64. That appeal was denied on December 4, 2007. *See People v. Weekes*, 847 N.Y.S.2d 214 (N.Y. App. Div. 2007). The New York Court of Appeals subsequently denied Petitioner's request for leave to appeal that decision on April 11, 2008. *See People v. Weekes*, 10 N.Y.3d 845 (N.Y. 2008). Petitioner, then, has exhausted all potential state court remedies as to the grounds asserted in the instant petition.[6]

**B.** **Timeliness**

28 U.S.C. § 2244(d)(1), as amended by Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of

---

[6]Respondent acknowledges that "it appears the petitioner's claims are primarily based on the claims that he raised" in his appeal from the 2006 resentencing, but goes on to suggest that other, unspecified "arguments and claims" are unexhausted. Respondent's Memorandum of Law, p. 12. To the extent that any aspect of the Petition is unexhausted, Petitioner's claims "may be denied on the merits, notwithstanding the failure of the applicant to exhaust . . . remedies[.]" 28 U.S.C. § 2254(b)(2).

5

limitations for habeas corpus petitions. The applicable subsection of this statute reads as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Petitioner initially filed for relief in this Court on June 27, 2003. D.E. 1. The Court stayed the action on December 5, 2003, to allow Petitioner to exhaust any possible state court remedies. D.E. 5. On April 23, 2008, twelve (12) days after the New York State Court of Appeals denied Petitioner's request for leave to appeal from the 2006 resentencing, Petitioner moved to restore this action to the court's calendar. D.E. 10. On August 21, 2008, this Court granted the motion. D.E. 13. The instant petition, then, has been timely filed.

### C.     First Ground Asserted: Violation of Due Process Rights

Petitioner asserts that "the trial Court violated petitioner's due process rights by not advising him of post release supervision, and it never gained a legal conviction, because he never entered a new guilty plea, nor was found guilty after a trial." Amended Petition, p. 15. Petitioner is correct to the extent that inclusion of a period of post-release supervision not imposed by the sentencing court following Petitioner's first sentencing on February 27, 2001, violated the Due Process Clause of the United States Constitution. *See Earley v. Murray*, 462 F.3d 147, 148 (2d Cir. 2006).

However, because the Appellate Division vacated Petitioner's 2001 conviction and remanded the case for resentencing after directing that Petitioner be given an

6

opportunity to withdraw his plea, *see People v. Weekes*, 28 A.D.3d 499 (N.Y. App. Div. 2006), Petitioner no longer presents a live claim. Article III, Section 2 of the United States Constitution limits the federal courts to cases that present a "case or controversy." *See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir. 2007). A case should be dismissed as moot "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 642 (1979)(quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969)).

In virtually identical circumstances, courts in this Circuit have found challenges such as Petitioner's to be moot "because the procedurally infirm term of post-release supervision had been lifted, the matter was remitted to the trial court, and the trial court properly re-sentenced Petitioner to a post-release supervision term." *Escalante v. Brown*, 2009 U.S. Dist. LEXIS 87348, at *1 (E.D.N.Y. 2009); *see also Edwards v. New York*, 2009 U.S. Dist. LEXIS 108429, at *6 (S.D.N.Y. 2009).[7] Petitioner's challenge to the inclusion of post-release supervision as a component of his sentence should therefore be denied as moot.

Petitioner's challenge to the validity of his underlying conviction (his claim that the court "never gained a legal conviction, because he never entered a new guilty plea, nor was found guilty after a trial") is not supported by the record. The record clearly demonstrates that, before Petitioner was resentenced on June 2, 2006, he was given the opportunity to withdraw his previously-entered plea of guilty and chose not to do so. At

---

[7]Pursuant to the suggestion of the Court of Appeals in *Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009), Plaintiff will be provided with copies of all cases cited herein which are reported only on electronic databases or in the Federal Appendix.

7

a hearing on May 24, 2006, Judge Berry repeatedly asked Petitioner whether Petitioner wished to withdraw his guilty plea, and Petitioner expressly declined. Transcript, May 24, 2006, pp. 3-8.[8] After this colloquy, Petitioner's counsel confirmed that Petitioner was not seeking to withdraw his plea. Transcript, May 24, 2006, p. 8.

By the time Petitioner declined the opportunity to withdraw his plea in May 2006, Petitioner was plainly aware of the statutory requirement of a term of post-release supervision, since Petitioner had successfully challenged the trial court's failure to impose this sanction correctly in the original, underlying sentencing as well as in the first, non-corporeal resentencing by written order. The Appellate Division had remanded the case for the express purpose of allowing the trial court to resentence Petitioner— including imposition of the required term of post-release supervision—in Petitioner's presence and after affording Petitioner the opportunity to withdraw his plea if he chose to do so. *See People v. Weekes*, 28 A.D.3d 499 (N.Y. App. Div. 2006). The trial court, therefore, proceeded properly in resentencing Petitioner, and Petitioner has not identified any valid defect in his conviction.

---

[8]The May 24, 2006, transcript reflects that Petitioner was adamant in declining to withdraw his plea:

"No, I don't wish to withdraw my plea at this time, your Honor." (p.5);

". . . I want noted on the record, I wish to not withdraw my plea at this time today." (p.6);

"I don't want to withdraw the plea, your Honor. I haven't been here to withdraw the plea. I'm not here to withdraw the plea." (p.7)

8

### D. Second Ground Asserted: Violation of Double Jeopardy Clause

Petitioner's claim that the trial court violated his rights under the Double Jeopardy clause by resentencing him and by adding the term of postrelease supervision to his sentence is similarly without merit. It is well-settled that "a resentencing hearing to correct a sentencing error does not constitute double jeopardy." *Jenkins v. Farrell*, 2009 U.S. Dist. LEXIS 50305, at *10 (S.D.N.Y. 2009). *See United States v. Rosario*, 386 F.3d 166, 170 (2d Cir. 2004)(sentencing court that has omitted a mandatory component of a sentence may increase that sentence without running afoul of the double jeopardy clause). S*ee also Bozza v. United States*, 330 U.S. 160, 166-167, 67 S. Ct. 645, 91 L. Ed. 818 (1947)("The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner.") There is no double jeopardy violation arising from Petitioner's resentencing.

### IV. Conclusion

For the reasons set forth above, I respectfully recommend that this Petition be **DENIED** in its entirety.

Further, because Petitioner has not made a substantial showing of a denial of a federal right, I recommend that no certificate of appealability be issued. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000).

I also recommend that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from its order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

V.  **Notice**

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, *see* Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson, United States District Judge, at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: January 27, 2010
       White Plains, N.Y.

Respectfully submitted,

PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE.