USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK WEEKES,

            Petitioner,

v.

WILLIAM MUZZUCA, Superintendent Fishkill Correctional Facility,

            Respondent.

03 Civ. 4828 (RO)

**ORDER**

OWEN, District Judge:

*Pro se* Petitioner submitted an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he seeks an order vacating an amended judgment of conviction following a plea of guilty, in the County Court, Orange County, of the State of New York, (Berry, J.). Magistrate Judge Paul E. Davison issued a Report and Recommendation (the "Report") on January 27, 2010, recommending that the petition be denied, to which Petitioner filed a timely objection. For the reasons below, this Court adopts the Report in its entirety. Accordingly, the petition for a writ of habeas corpus is hereby DENIED.

**BACKGROUND**

Petitioner pleaded guilty to a single count of burglary in the first degree, N.Y. Penal Law § 140.30[2], for various offenses arising out of a March, 2000, altercation with his former girlfriend at her residence in Port Jervis, New York. Petitioner's guilty plea was entered pursuant to a plea agreement whereby he was promised a sentence in the range of five to

1

fourteen years imprisonment. Petitioner was sentenced on February 27, 2001, to a determinate prison term of ten years. Petitioner appealed his conviction, which was affirmed by the Appellate Division on December 31, 2001. *See People v. Weekes*, 289 A.D.2d 599 (N.Y. App. Div. 2001). Leave to appeal to the Court of Appeals was denied on June 14, 2002. *See People v. Weekes*, 98 N.Y.2d 682 (N.Y. 2002).

New York law required the imposition of a term of post-release supervision to follow the determinate sentence, but the sentencing court did not mention post-release supervision in sentencing proceedings. Petitioner learned that the Department of Corrections had administratively added a five-year term of post-release supervision, and moved to vacate his conviction, alleging that at the time he entered his guilty plea, he had not been informed that he would be subject to post-release supervision.

After being granted leave to appeal, the Appellate Division vacated the judgment against Petitioner, finding that his initial guilty plea was not "knowing, voluntary, and intelligent" because he was not made aware of the post-release supervision. *People v. Weekes*, 28 A.D.3d 499 (N.Y. App. Div. 2006). The appellate court directed that, on remand, Petitioner must be given the opportunity to withdraw his plea. *Id.* at 500.

On May 24, 2006, at the proceedings conducted pursuant to the appellate court's mandate, Petitioner expressly declined to withdraw his guilty plea. At the request of Petitioner's counsel, resentencing was adjourned until June 2, 2006, at which time the court again sentenced Petitioner to ten years determine time in prison (with credit for time served) and four years of post-supervision release.

2

The Appellate Division of the Supreme Court of New York affirmed the judgment of conviction in December, 2007, and the State of New York Court of Appeals denied leave to appeal the conviction in April, 2008.

**STANDARD OF REVIEW**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. District courts review those orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1). A district court judge, in making a *de novo* determination, is afforded discretion in the weight placed on proposed findings and recommendations. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). In its sound discretion, a district court may afford a degree of deference to the Report and Recommendation. Objections to a Report and Recommendation are to be "specific and are to

address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

This standard of review must be applied while remaining cognizant of the court's obligation to construe a pro se litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)(citations omitted).

**DISCUSSION**

Petitioner's Assertion that his Due Process Rights Were Violated

The Report and Recommendation issued by Magistrate Judge Davison explains that Petitioner's due process rights were initially violated by the fact that Petitioner was not informed during his first sentencing that post-release supervision would be administratively imposed. However, once Petitioner's conviction was vacated and remanded for resentencing, the claim was no longer live and could not be challenged. Courts in the Second Circuit have dismissed as moot identical challenges to the inclusion of post-release supervision once the procedurally inform term of post-release supervision has been lifted and the Petitioner has been properly re-sentenced. The Report explains that Petitioner was repeatedly given the opportunity to withdraw his guilty plea, but that he expressly declined to do so. Thus, the resentencing of Petitioner was proper, and his plea was knowing, intelligent, and voluntary.

Petitioner filed timely objections to the Report, and this Court has reviewed Petitioner objections carefully. Petitioner's objections are vague and conclusory, and even construed in the

4

light most favorable to Petitioner as a *pro se* litigant, fail to provide any reason why this Court should not adopt Magistrate Judge Davison's Report and Recommendation.

Accordingly, this Court agrees with the Report that Petitioner's due process rights were not violated.

Petitioner's Assertion that the Double Jeopardy Clause was Violated

The Report and Recommendation finds that Petitioner's claim – that his rights under the Double Jeopardy clause were violated when the trial court resentenced him and added post-release supervision – is without merit. This Court has carefully reviewed the Report, and Petitioner's objections, and concurs with the Report's findings that Petitioner's Double Jeopardy rights were not violated.

**CONCLUSION**

For the reasons set forth above, this Court adopts, in its entirety, the Report and Recommendation of Judge Davison. Accordingly, the petition for a writ of habeas corpus is hereby DENIED.

Further, Petitioner has not made a substantial showing of a denial of a federal right, and no certificate of appealability shall be issued. See 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), cert. denied 531 U.S. 873 (2000).

Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this order would not be taken in good faith. See *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

March 23, 2011
3/23/11

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE